United States Bankruptcy Court
Middle District of Florida

In Re: Stephanie Jean Bumps								Case No. 6:11-bk-06677-ABB

    Debtor/Plaintiff								Chapter 7

v.										Adv.Proc.No._____

Wells Fargo Financial Services a/k/a
Wells Fargo Education Financial Services and
Chase Student Loans, Inc.
    Defendants

_____/

**DEBTOR'S ADVERSARY COMPLAINT TO DETERMINE
DISCHARGEABILITY OF STUDENT LOANS**

    Comes now the Debtor, who files this Adversary Proceeding pursuant to 11 U.S.C. 523(a)(8)(b) requesting this Honorable Court to determine the discharge ability of student loan debts and order discharge thereof. The Court has jurisdiction under 28 U.S.C. Sections 1334 and 157. This is a core proceeding under 28 U.S.C. section 157 (b)(2)(I).

**The Facts of The Matter**

    1. The Debtor, Stephanie J. Bumps, filed a Chapter 7 bankruptcy on 05/03/2011.

    2. Debtor is a co-signor on student loans for her daughter, Kateland H. Butler, to the following entities

        a. Wells Fargo Education Financial Services

            Account 74693-24999, (sub loan 650102)    $36,000.00

            Account 73990-11396 (sub loan #CP0201)    $10,900.00

            Account 73990-11396 (sub loan #CC0001)    $19,500.00

        b. Chase Student Loans.

            Account RS860RX825                      $31,728.61

                        Total approximately   $98,128.00

    There may be other loans to Chase and Wells Fargo that Debtors is not aware of.

3. The minimum monthly payments for the loans total $ 824.20.

4. At the time the loans were made, Debtor worked for AT&T, had an annual income of approximately $100,000 and a gross monthly income of over $8000.  In 2009 she lost her job of 11 years.  The Debtor is 55 years old.  On July 6th, 2011 she was hired by the Orlando Police Department at the hourly rate of $13.25 per hour or $1782.00 net per month.

5. Ms. Bumps was making payments on the loan from 2009 to March 2011 and has had to make several early withdrawals from her retirement funds to do so.  Due to the penalties and taxes due in withdrawals, she has had to withdraw over $49,000.00.

6. Debtor's monthly expenses are $1601.00.

7. Ms. Bumps daughter is living and working in Paris, France and is unable to make the required payments on the loan.

**Relief Sought**

8. The Debtor seeks relief under 11 U.S.C. 523(a)(8)(b) with states:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

9. The payment of the loans imposes an undue hardship on the debtor.

10. This action will not change daughter, Kateland H. Butler's obligations on the loans.

**The Standard**

11. The 11th Circuit Court of Appeals has adopted the "Brunner Test" to determine if undue hardship exists.  <u>In re Cox</u>, 338 F.3d 1238, 1241 (11th Cir. 2003). <u>Brunner v. New York State Higher Educ. Serv.</u>, 831 F.2d 395, 397 (2d Cir. 1987).

The Brunner Test requires a debtor seeking discharge of a student loan to establish three elements: (1) the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependants if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) the debtor has made good faith efforts to repay the loans.

12. The debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself if forced to repay the loans. The minimum monthly payment is $824.20. Her net monthly income is $1782.00 and her expenses are $1601.00 exclusive of student loan payments.

13. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. The Debtor is 55 years old. She had great difficulty finding her present job which represents the most she will be able to earn in this economy. She was not be able to find employment sufficient to make the minimum payments and maintain a minimal standard of living.

14. ) The debtor has made good faith efforts to repay the loans and has in fact reduced her retirement savings to do so.

Wherefore, Debtor, Stephanie J. Bumps prays that this Court will enter an Order finding the above mentioned student loans dischargeable.

Dated June 12, 2012

/s/Eric L. Bolves

_____
Eric L. Bolves, Esq.
2110 E. Robinson St.
Orlando, Florida 32803-6098
(407)894-1002

US Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801


Wells Fargo Education Services
C/O WELLS FARGO LAW DEPARTMENT
301 SOUTH COLLEGE STREET
CHARLOTTE NC 28288-0630

Wells Fargo Education Financial Services
P.O. Box 5185
Sioux Falls, SD 57117-5185

Registered Agent for Wells Fargo Financial, Inc.
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301-2525 US

Wells Fargo Financial
800 WALNUT STREET F4030-101
DES MOINES IA 50309

Chase Student Loans
Attn Bankruptcy Department
P.O. Box 78044
Phoenix, AZ 85062-8044

Chase Student Loans - Registered Agent
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324 US

Chase Student Loans
3900 WESTERRE PKWY #301
RICHMOND VA 23233 US