UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

STEPHANIE JEAN BUMPS                   Case No. 6:11-bk-06677-ABB
                                        Chapter 7

    Debtor.
_____/


STEPHANIE JEAN BUMPS                   Adversary No. 6:12-ap-00107-ABB

    Plaintiff,

vs.

WELLS FARGO EDUCATIONAL
FINANCIAL SERVICES,
CHASE STUDENT LOANS, INC., and
EDUCATIONAL CREDIT
MANGEMENT CORPORATION,

    Defendants.
_____/

## MEMORANDUM OPINION

This matter came before the Court on Debtor's Complaint against Wells Fargo Educational Financial Services, Chase Student Loans, Inc. (Adv. Pro. DE 1) seeking to discharge $46,139.56 in student loan debt pursuant to 11 U.S.C. § 523(a)(8). Partial judgment in favor of Debtor is due to be entered.

Debtor filed her voluntary Chapter 7 petition on May 3, 2011 (DE 1). Debtor commenced the instant adversary proceeding on June 13, 2012 against originally named defendants Wells Fargo Financial Services and Chase Student Loans, Inc. to discharge

student loan debts. Educational Credit Management Corporation ("ECMC") is the owner and holder of the consolidated student loans in issue and was added as a party defendant on September 5, 2012 (DE 21).

Debtor, her counsel, and counsel for ECMC appeared at the final evidentiary hearing held on December 19, 2013. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing testimony and argument, and being otherwise fully advised in the premises.

### Findings of Fact

Debtor is a 57 year-old single woman with no dependents. Debtor graduated from the University of Maine in 1978 with a degree in History and Education (ECMC's Ex. No. 2). Debtor was divorced in 2008 and was laid off from her position with AT&T Mobility in 2009 where she earned approximately $100,000.00 per year (ECMC's Ex. No. 2). Debtor has since been unable to find work with commensurate pay and has held a number of less well-paying positions, including a position with the Orlando Police Department 911 Call Center, earning an hourly wage of $13.25, and a position as a Customer Service Representative at the SUNPASS Call Center, earning $9.50 per hour.

Debtor currently works for AT&T Mobility, earning an hourly wage of $14.76. Debtor's current monthly net income is $1,920.00 and her current monthly expenditures total $1,711.60 leaving Debtor with a monthly disposable net income of $208.40 (Debtor's Ex. No. 1). Debtor's monthly expenditures are limited to the necessities for Debtor to house, feed, and insure herself; to provide for transportation; and for other basics including a cellphone and internet services (Debtor's Ex. No. 1). Debtor does not

own any real property, drives a fifteen year old compact sedan, she is unmarried and receives no additional financial support, and she does not possess or enjoy any luxuries (DE 1). Debtor has minimized her monthly expenditures and it is unlikely Debtor will obtain employment providing a monthly income to sustain both Debtor's minimal standard of living and payments on the entire student loan debt.

The debt subject to this adversary proceeding (the "Loan") was not incurred for Debtor's own education, but for the benefit of Debtor's daughter's education. The Loan is a federally-backed consolidated student loan made pursuant to the Federal Family Educational Loan Program (the "FFELP"). The FFELP enables private lenders to make federally guaranteed student loans to students and to parents for the benefit of their children's education.

The Loan was made to Debtor on July 16, 2007 to be used for the education of Debtor's daughter (the "Daughter"). Debtor is the sole obligor on the Loan. The Daughter lives and is employed in Paris, France and does not make any payments on the Loan. The Daughter has significant student loans for which Daughter is the sole obligor and cannot afford to make payments on her own student debt loans and contribute to the Loan.

The Loan is in the amount of $46,139.56 and accrues interest at the rate of $8.36 per diem (Adv. Pro. DE 47). Current minimum monthly payments on the Loan are in the amount of $824.20 (Adv. Pro. DE 1). The Loan is eligible for consolidation under the William D. Ford Direct Loan Program and repayment under the Income Contingent

Repayment Plan which could reduce Debtor's monthly loan payments to $340.97 for 300 months or in graduated amounts over 300 months (Adv. Pro. DE 47).

Debtor has rejected this option on the basis Debtor cannot afford these payments over the 25 year repayment period. Debtor's monthly income does not allow Debtor to maintain a minimal standard of living, if forced to make all payments on the Loan.

Debtor has made payments on the Loan in the total amount of $12,605.04 (Adv. Pro. DE 47). These payments have been made by making voluntary withdrawals from her AT&T Savings and Security Plan with Fidelity Investments (Debtor's Ex. No. 2). Debtor has depleted this retirement savings account, in part, to make payments on the Loan. Debtor has made a good faith attempt to repay the Loan.

Debtor's circumstances establish undue hardship, as required by the law to obtain a partial discharge of education loan debt. Debtor's student loan indebtedness is due to be partially discharged pursuant to § 523(a)(8) of the Bankruptcy Code.

## Conclusions of Law

A debtor is not entitled to a discharge of a student loan debt, unless excepting such debt from discharge "…would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. Section 523(a)(8). The Eleventh Circuit Court of Appeals adopted the "*Brunner* Test" to determine whether a student loan becomes dischargeable because of a borrower's undue hardship. *Hemar Ins. Corp. of Am. V. Cox*, 338 F.3d 1238, 1241 (11th Cir. 2003). The *Brunner* Test is a three prong test requiring the party seeking discharge of an education loan debt to demonstrate by a preponderance of the evidence:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

*Education Credit Mgmt. Corp. v. Mosley*, 494 F.3d 1320, 1324-25 (11th Cir. 2007) (quoting *Brunner v. New York State Higher Education Services Corp.* 831 F.2d 395, 396 (2d Cir. 1987)). "If one of the elements of the test is not proven, the inquiry ends, and the student loan cannot be discharged." *In re Russotto*, 370 B.R. 853, 856 (Bankr. S.D. Fla. 2007); *In re Southard*, 337 B.R. 416, 420 (Bankr. M.D. Fla 2006). The *Brunner* Test is applicable to co-signers, guarantors or non-students, even though they did not receive an education benefit from the student loan. *See In re Salter*, 207 B.R. 272 (Bankr. M.D. Fla. 1997); *In re Selmonsky*, 93 B.R. 785 (Bankr. N.D. Ga. 1998). Section 523(a)(8) does not permit a discharge, partial or otherwise, absent a finding of "undue hardship." *In re Cox*, 338 F.3d at 1242.

ECMC conceded Debtor has satisfied the third prong of the *Brunner* Test at the December 19, 2013 hearing, but maintained Debtor failed to establish undue hardship. ECMC argues Debtor can maintain a minimal standard of living and repay the Loan and there are no additional circumstances indicating Debtor's current financial situation is likely to persist for a significant portion of the repayment period (Adv. Pro. DE 13).

The first prong of the *Brunner* Test requires a debtor to demonstrate excepting the student loan from discharge will prevent her from maintaining a minimal standard of

living. *In re Wolfe*, 501 B.R. 426, 435 (Bankr. M.D. Fla. 2013). A debtor is not required to live in poverty, but may not necessarily maintain her previous standard of living. *Credit Mgmt. Corp. v. Stanley*, 300 B.R. 813, 818 (N.D. Fla. 2003).

Debtor's income and expenses illustrate an inability to maintain a minimal standard of living if forced to pay the Loan, even if modified under the William D. Ford Direct Loan Program and the Income Contingent Repayment Plan. Debtor's disposable net monthly income is $208.40 and the regular and modified monthly payments are $824.20 and $340.97, respectively, after reducing her expenses to a minimal standard of living. Debtors living expenses are modest and the disposable income available is not enough to pay the regular or modified Loan without impairing Debtor's ability to maintain a minimal standard of living.

The second prong of the *Brunner* Test requires a debtor to establish "an inability to pay that is likely to continue for a significant time." *In re Cox*, 338 F.3d at 1242. The inability to pay is not simply a "temporary dire financial situation," but a "certainty of hopelessness." *In re Matthews-Hamad*, 377 B.R. 415, 422 (Bankr. M.D. Fla. 2007).

Debtor's advanced age and foreclosure of significant employment prospects make it likely Debtor's current inability to repay the Loan will persist. Debtor's age affects not only her job prospects, but also the number of years she will be able to remain in the work force. *See In re McGinnis*, 289 B.R. 257, 266 (Bankr. M.D. Ga. 2003). Debtor's future need for basic necessities, transportation, and healthcare, also, require consideration. It is improbable Debtor will ever be able to fully repay the Loan given Debtor's age and recent work and earnings history.

The final prong of the *Brunner* Test requires the debtor show a good faith effort to repay her student loans. *In re Brunner*, 831 F.2d at 296. "Good faith" does not require the debtor to have enrolled in an income-contingent repayment program. *In re Sturtevant*, 2001 WL 1741911 at *8 (Bankr. M.D. Fla. 2011). Debtor paid more than $12,000.00 towards the Loan using funds from her retirement savings (Adv. Pro. DE 47). Debtor has made a good faith effort to repay the Loan.

Debtor has established by a preponderance of the evidence it would be an undue hardship if she were forced to repay the Loan in full pursuant to Section 523(a)(8) of the Bankruptcy Code. Debtor's finances do, however, provide for regular monthly disposable income and the Debtor should be able to pay some of the Loan. *See In re Barron*, 264 B.R. 833 (Bankr. E.D. Tex. 2001); *In re Hornsby*, 144 F.3d 433 (6th Cir. 1998).

Considering the duration Debtor will likely remain in the workforce, along with her earning capacity, given her current and most recent work history, $12,000.00 of the Loan is due to be discharged and the remaining balance is due to be determined nondischargeable. Partial judgment in favor of Debtor is hereby entered.

Accordingly it is,

**ORDERED, ADJUDGED and DECREED** that the relief sought in Debtor's Complaint against Wells Fargo Educational Financial Services, Chase Student Loans, Inc. (Adv. Pro. DE 1) is hereby partially **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed to Educational Credit Management Corporation is hereby **PARTIALLY DISCHARGED** pursuant to 11 U.S.C. Section 523(a)(8), in the amount of $12,000.00; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed to Educational Credit Management Corporation in excess of $12,000.00 is hereby **NONDISCHARGEABLE**.

Dated this 15th day of January, 2014.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge